# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| GABRIELA GARCIA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. CIV-17-611-F |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |  |
| Defendant. | ) |  |

## REPORT AND RECOMMENDATION

**I.   History.**

Appearing through counsel, Gabriela Garcia (Plaintiff) initiated this action for judicial review of a final decision by the Commissioner of Social Security.[1]  Doc. 1.  Plaintiff's counsel subsequently sought, Doc. 17, and on October 4, 2017, the undersigned granted, Doc. 18, leave to withdraw from the case consistent with this Court's local civil rules (LCvR).  *See* LCvR83.5.

When doing so, the undersigned specifically advised Plaintiff that the original October 5, 2017 deadline to file her opening brief in the matter was now extended until Monday, December 4, 2017.  Doc. 18, at 2.  The undersigned explained this would afford Plaintiff "ample time in which to appear by other

---

[1]   United States District Judge Stephen P. Friot has referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and Fed. R. Civ. P. 72(b).  Doc. 16.

counsel or pro se—pro se status means that a party is representing herself and acting on her own behalf without counsel—and to prepare and file Plaintiff's opening brief." *Id.* The undersigned also specifically "cautioned that failure to appear, by counsel or pro se, through the filing of Plaintiff's opening brief on or before Monday, December 4, 2017, will in all likelihood result in the dismissal of this action." *Id.*

The undersigned directed the Clerk of Court to mail a copy of the order and a copy of the court's rules to Plaintiff at her last known address. *Id.* at 1; *see* Doc. 17, at 1. To date, that mailing has not been returned to the court as undeliverable, the December 4, 2017, deadline has now passed,[2] and Plaintiff has not requested an extension of that deadline or communicated with the court in any manner.

## II. Analysis.

"Rule 41(b) . . . has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute . . . ." *Olsen v. Mapes,* 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). "But dismissal or other final disposition of a party's claim is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002) (internal

---

[2] Likewise, the court's order, Doc. 18, is now final. *See* Fed. R. Civ. P. 72(a).

quotation marks omitted). In the Tenth Circuit, a court considering such a sanction should take account of these five factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (1992) (internal quotation marks and citations omitted). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.* (citation omitted).

As to the first factor, the Commissioner has necessarily been prejudiced to some extent. She "has invested time and effort into researching and preparing an answer in this case and into preparing the administrative record and converting it into a format which is compatible with filing in the court's electronic case filing system." *Crawford v. Colvin*, No. 15-9312, 2016 WL 1701811, at *2 (D. Kan. Apr. 28, 2016); *see Alwert v. Comm'r*, No. CIV-16-1256-F, 2017 WL 347402, at *4 (W.D. Okla. July 14, 2017) (citing and applying *Crawford*); *adopted by* 2017 WL 3461707 (W.D. Okla. Aug. 11, 2017).

Next, because no court can function efficiently without adherence to deadlines, the second factor also weighs in favor of dismissal.

The litigant's culpability is clear, and this factor significantly favors dismissal. Plaintiff failed to appear pro se or by new counsel to file an opening

3

brief and, so, failed to develop and prosecute any claim of error for judicial review.

As to the fourth factor, the undersigned cautioned Plaintiff that her "failure to appear, by counsel or pro se, through the filing of [her] opening brief on or before Monday, December 4, 2017" would likely result in the dismissal of her action. Doc. 18, at 2.

Finally, the undersigned is unaware of any effective lesser sanction, particularly where Plaintiff has declined to communicate with the court on the matter.

### III. Recommendation and notice of right to object.

For the stated reasons and under Fed. R. Civ. P. 41(b), the undersigned recommends the dismissal of this action.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court on or before December 26, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 5th day of December, 2017.

                                                 */s/ Suzanne Mitchell*
                                                 SUZANNE MITCHELL
                                               UNITED STATES MAGISTRATE JUDGE